# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| CATHERINE G. WARREN | * | CIVIL ACTION NO. 05-1637 |
| VERSUS | * | JUDGE JAMES |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Plaintiff, Catherine G. Warren ("Warren"), appeals from a decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits and supplemental security income ("SSI") benefits. The appeal was referred to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons given below, it is recommended that the decision of the Commissioner be **AFFIRMED and that this matter be dismissed with prejudice.**

Introduction

Warren filed an application for disability benefits on March 18, 2003, alleging a disability onset date of October 1, 1996[1], due to vertigo, a right knee injury, sinus problems, depression, a hernia, vision and hearing problems, arthritis, and migraines. (Tr. 18). After conducting a hearing, Administrative Law Judge ("ALJ") W. Thomas Bundy denied Warren's application on October 14, 2004. (Tr. 17-27). The ALJ found that Warren's impairments from degenerative joint disease of the right knee, low back pain, and undifferentiated somatoform disorder were "severe" within the meaning of the Commissioner's regulations, but not severe enough to meet or medically equal the impairments listed in 20 C. F.R. Part 404, Subpt. P, App. 1 (hereinafter *Listing*). (Tr. 20). Continuing his analysis, and conducting a review of the relevant medical

---

[1] Warren initially alleged an onset date of September 1991; however, Warren had previously filed an application for benefits, which was denied in October 1996, making it her new onset date.

evidence and hearing testimony, the ALJ concluded that Warren retained a residual functional capacity ("RFC") to perform a full range of light work[2] with the following limitations: (1) the ability to occasionally climb stairs and ramps, balance, stoop, kneel, crouch, and crawl; (2) an inability to climb ladders, ropes, and scaffolds; (3) moderate limitations in the ability to maintain social functioning; and (4) mild limitations in activities of daily living and the ability to maintain concentration, persistence, and pace. (Tr. 22). Based on this RFC, the ALJ concluded that Warren could not perform her past relevant work as a nurse's aide, an occupation classified as medium work, and, under the fifth step of the Commissioner's sequential analysis, considered whether Warren could perform any job existing in significant numbers in the national economy. (Tr. 23). Relying on sections 202.11 and 202.18 of the Commissioner's Medical-Vocational Guidelines ("Grids"), 20 C.F.R. Pt. 404, Subpt. P, App. 2, the ALJ found that Warren could perform the basic physical and mental demands of unskilled work at the light level of exertion and therefore was not disabled. Because the decision was made in reliance on the Grids, the ALJ did not seek an opinion from a vocational expert. (Tr. 25).

Standard of Review; Substantial Evidence

This Court will uphold an ALJ's determination that a claimant is not disabled if the

---

[2] The Commissioner's regulations define light work as:

involv[ing] no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

2

findings of fact upon which it is based are supported by substantial evidence, and if it was derived from a proper application of relevant legal standards. *See* 42 U.S.C. § 405(g); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). At no time should the Court "reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

Determination of Disability

Pursuant to the Social Security Act ("SSA"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). In this case, it is undisputed that Warren was eligible for benefits, and thus insured, through March 30, 2000; therefore, she was required to prove that her disability existed prior to or on that date. *See Kane v. Heckler*, 776 F.2d 1130, 1131 n.1 (3d Cir. 1985); 20 C.F.R. § 404.320(b)(2).

The SSA defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the SSA utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms

3

of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the SSA. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Secretary of Health and Human Services has established a five-step sequential evaluation process for ALJs to utilize in determining whether a claimant is disabled under the SSA. *See* 20 C.F.R. §§ 404.1520, 416.920. The United States Court of Appeals for the Fifth Circuit, in *Loza v. Apfel*, succinctly summarized this evaluation process:

> The first two steps involve threshold determinations that the claimant is not presently engaged in substantial gainful activity and has an impairment or combination of impairments which significantly limits his physical or mental ability to do basic work activities. In the third step, the medical evidence of the claimant's impairment(s) is compared to a list of impairments presumed severe enough to preclude any gainful activity. If the claimant's impairment matches or is equal to one of the listed impairments, he qualifies for benefits without further inquiry. If the person cannot qualify under the listings, the evaluation proceeds to the fourth and fifth steps. At these steps, analysis is made of whether the person can do his own past work or any other work that exists in the national economy, in view of his age, education, and work experience. If he cannot do his past work or other work, the claimant qualifies for benefits.

219 F.3d 378, 390 (5th Cir. 2000) (internal citations omitted). The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). If at any point during the five-step review the ALJ finds the claimant disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In this case, Warren alleges the following points of error in the above analysis: (1) the ALJ, in determinating that Warren could perform jobs available in the national economy, erred in relying on the Grids and failing to obtain an opinion from a vocational expert; (2) the ALJ failed

4

to articulate good cause for rejecting two treating physicians' opinions; and (3) the ALJ's RFC finding is not based on substantial evidence.

Weight of Medical Evidence

"A claimant is eligible for benefits only if the onset of the qualifying medical impairment or combination of impairments began on or before the date the claimant was last insured." *Loza v. Apfel*, 219 F.3d 378, 394 (5th Cir. 2000); *see* 42 U.S.C. § 423(a), (c); *Kane,* 776 F.2d at 1131 n.1; 20 C.F.R. § 404.320(b)(2). This elementary rule represents the basic prerequisite to entitlement to disability benefits: onset of a disability must occur while a claimant is insured according to the Social Security Act. When a claimant files an application for benefits after his or her eligibility for benefits has expired, but alleges an onset date prior to the expiration, the relevant evidence is generally limited to that which pertains to the impairments after the onset date and before the expiration of insured status. *See Henrie v. U.S. Dep't of Health and Human Serv.*, 13 F.3d 359, 360 (10th Cir. 1993).

> Evidence of an impairment which reached disabling severity after the date last insured, or which was exacerbated after this date, cannot be the basis for the determination of entitlement to a period of disability and disability insurance benefits, even though the impairment itself may have existed before plaintiff's insured status expired.

*Manzo v. Sullivan*, 784 F. Supp. 1152, 1156 (D.N.J. 1991).

Based on the evidence contained in the record, the undersigned finds that even if the ALJ committed the errors Warren alleges, the medical evidence in this case supports, at best, the existence of a disability in January 2001 -- ten months after her eligibility for disability benefits expired. In arguing that she is disabled, Warren cites to various physicians' opinions and records; however, with exception of a few instances, those opinions and records are dated after her

5

insured period expired on March 30, 2000, with the majority being significantly dated beyond that period. The medical evidence relating to Warren's insured period is so sparse that it can be summarized as follows:

1. December 1991 - After Warren complained of pain in her right knee, Dr. Rifat Nawas successfully performed arthroscopic surgery (Tr. 298).
2. January 31, 1992 - Warren complained to Nawas that she could not go back to work. Nawas commented that Warren had "reached maximum medical recovery" from her knee surgery" and that it would be "beneficial for her to return back to work." Nawas closed his report by stating, "I don't feel I have anything further to offer her." (Tr. 292).
3. 1996 - Warren underwent a gastric bypass procedure.
4. April 21, 1998 - A mammogram screening revealed no abnormalities. (Tr. 185).
5. August 6, 1999 - A pelvic exam revealed no abnormalities. (Tr. 184).
6. August 1999 - Warren had a total abdominal hysterectomy and, shortly afterward, complained of "still having urinary frequency and being very uncomfortable when she voids, states lower back has been hurting." (Tr. 271, 275-279).
7. January 26, 2000 - Warren inquired about getting a "tummy tuck." (Tr. 270).

As is evident from the above listing, no physician ever treated Warren during her insured period for any of the impairments she alleged in her benefits application,[3] and the proof falls far short of establishing that Warren was disabled because of some other impairment.

Nearly all of the evidence Warren presented to the ALJ, and especially the medical evidence pertaining specifically to her alleged impairments, is dated from July 2000 forward and focuses primarily on the years between 2002 and 2004. Furthermore, none of the cited medical evidence refers to Warren's condition prior to March 30, 2000. Although the undersigned understands that some of Warren's alleged impairments may have existed and gone undetected during her insured period, without any medical evidence from that period alluding to those

---

[3] While Warren stated in her statement of the facts that she complained, in January 2000, of "floaters" in her eyes, teeth pain, vertigo, and left leg numbness, a closer inspection of the cited treating physician's records reveals that, given the chronological system the physician employed, Warren actually made the complaint in July 2000. (Tr. 270). Regardless, a single documented complaint of vertigo -- one of Warren's alleged impairments -- is an insufficient basis for a disability finding.

impairments, it cannot be said that they were so severe and debilitating as to be considered disabling. Thus, the ALJ's ultimate conclusion that Warren was not disabled prior to or on March 30, 2000, is supported by substantial evidence.

Conclusion

For the reasons stated above, it is recommended that the decision of the Commissioner be **AFFIRMED, and this matter be dismissed with prejudice.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 24th day of May, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE