RECEIVED
IN MONROE, LA

NOV 2 0 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| CATHERINE G. WARREN | CIVIL ACTION NO. 05-1637 |
|---|---|
| VERSUS | JUDGE ROBERT G. JAMES |
| U.S. COMM. SOCIAL SECURITY ADMIN. | MAG. JUDGE KAREN L. HAYES |

## RULING

Plaintiff, Catherine G. Warren ("Warren"), appeals the decision of the Commissioner of the United States Social Security Administration ("Commissioner") denying her application for social security disability insurance ("SSDI") benefits and supplemental security income ("SSI") benefits. The appeal was referred to Magistrate Judge Karen L. Hayes ("Magistrate Judge") for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).

On May 24, 2006, the Magistrate Judge filed a Report and Recommendation recommending that the Commissioner's decision be affirmed [Doc. No. 16]. Warren filed an Objection [Doc. No. 17].

The recommendation addressed Warren's application for SSDI benefits, but did not address her application for SSI benefits. Therefore, the case was remanded to the Magistrate Judge with instructions to address Warren's application for SSI benefits and prepare a supplemental report and recommendation [Doc. No. 18].

On October 3, 2006, the Magistrate Judge filed a Supplemental Report and Recommendation recommending that the Commissioner's decision regarding Warren's application for SSI benefits

1

be reversed and remanded for further administrative proceedings [Doc. No. 19].

Having considered the entire record in this matter, including the objection, the Court DECLINES TO ADOPT the Magistrate Judge's Report and Recommendation [Doc. No. 16] regarding Warren's application for SSDI benefits. The Commissioner's decision regarding Warren's application for SSDI benefits is REVERSED AND REMANDED for further administrative proceedings consistent with this ruling.

The Court ADOPTS the Magistrate Judge's Supplemental Report and Recommendation [Doc. No. 19] regarding Warren's application for SSI benefits, as modified by this ruling. The Commissioner's decision regarding Warren's application for SSI benefits is also REVERSED AND REMANDED for further administrative proceedings consistent with this ruling.

**I.    Facts**

The Court finds that the Magistrate Judge correctly stated the applicable facts of this case and ADOPTS and incorporates by reference the statement of facts contained in her Report and Recommendation and Supplemental Report and Recommendation.

**II.   Law and Analysis**

The Court reviews *de novo* a magistrate judge's report and recommendation if a party files specific, written objections within ten days of service. 28 U.S.C. § 636(b)(1). In the present case, Warren timely filed an objection [Doc. No. 17] to the Magistrate Judge's Report and Recommendation [Doc. No. 16], thus warranting *de novo* review by the Court.

Warren did not object to the Magistrate Judge's Supplemental Report and Recommendation [Doc. No. 19]. The Court reviews the Supplemental Report and Recommendation for clear error.

## A. Applicable Law

Federal courts review the Commissioner's denial of social security benefits only to ascertain ". . . whether the final decision is supported by substantial evidence and [] whether the Commissioner used the proper legal standards to evaluate the evidence." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (citations omitted).

The Court finds that the Magistrate Judge correctly stated the applicable law in this case and ADOPTS and incorporates by reference the general statements of law contained in her Report and Recommendation and Supplemental Report and Recommendation.

## B. Warren's Application for Benefits

Warren filed an application for benefits on March 18, 2003, alleging a disability onset date of October 1, 1996. On October 14, 2004, the Administrate Law Judge ("ALJ"), W. Thomas Bundy, denied Warren's application for SSDI and SSI benefits because he concluded that she is not disabled within the meaning of the statute.

The ALJ concluded that Warren retains a residual functional capacity ("RFC") to perform a full range of light work with limitations. Based on the RFC assessment of her physical and mental impairments, the ALJ found that Warren cannot perform her past relevant work as a nurse's aide, but she can perform unskilled work at a light level of exertion under the Commissioner's Medical-Vocational Guidelines ("Grids"). *See* 20 C.F.R. Pt. 404, Subpt. P, App.2 §§ 202.11, 202.18. Therefore, Warren is not disabled. The ALJ did not seek an opinion from a vocational expert as to what types and kinds of jobs are available in significant numbers in the national economy and which meet Warren's limitations.

In reaching his decision, the ALJ rejected the medical opinion of Warren's treating physician,

Dr. Thompson.

### 1. SSI Benefits

The Magistrate Judge recommends reversing the Commissioner's decision denying Warren's application for SSI benefits, and remanding the matter for further administrative proceedings to allow the ALJ to show good cause why he failed to give controlling weight to the opinion of Warren's treating physician, Dr. Thompson. [Doc. No. 19, p. 17]. The Court ADOPTS this recommendation, but does so for alternative reasons.

#### a. Medical Opinion

The Magistrate Judge concluded that the ALJ's failure to articulate good cause why he did not give Dr. Thompson's opinion controlling weight is not supported but substantial evidence. Prevailing case law suggests that an ALJ's failure to show good cause for not giving a treating physician's opinion controlling weight constitutes a disregard of applicable principles of law, which is also grounds for remand. *Newton*, 209 F.3d at 455-56 (the Court held that the ALJ's failure to consider each of the § 404.1527(d) factors before declining to give any weight to the opinions of the claimant's treating specialist was grounds for remand, but did not hold that the failure to do so was not supported by substantial evidence). Because the ALJ disregarded applicable principles of law, this matter is remanded to the ALJ to show good cause why he did not give Dr. Thompson's opinion controlling weight.

#### b. RFC Assessment

The Magistrate Judge also concluded that the ALJ's RFC assessment[1] is not supported by

---

[1] A RFC assessment evaluates the impact of a claimant's physical and mental impairments on his or her capabilities in the workplace. *See* 61 F.R. § 34471, 34473 ( "[A]n RFC assessment is the [ALJ's] adjudicator's ultimate finding based on a consideration of [the treating physician's

4

substantial evidence because the ALJ improperly rejected Dr. Thompson's opinion. The Court finds that the RFC assessment of Warren's mental impairments is properly supported. In contrast, the Court finds that the RFC assessment of Warren's physical impairments is not supported by substantial evidence because it was not based on any medical[2] opinion, not just because the ALJ rejected Dr. Thompson's opinion.

An ALJ's RFC assessment must be supported by evidence from a medical source. *See Ripley v. Chater*, 67 F.3d 552, 558 n.27 (5th Cir. 1995) (While the Commissioner argued that the medical evidence supported the ALJ's conclusion, this argument was based on reports that were not made by qualified medical experts. Therefore, the Court found it was unable to determine the effects of the claimant's conditions on his ability to perform sedentary work.).

In this case, the ALJ stated that he considered the opinion of state agency physicians and Warren's treating physicians in making the RFC assessment. The record shows that the RFC assessment of Warren's mental impairments is supported by a medical opinion.[3] Therefore, the Court finds that the ALJ's conclusion, that Warren is mentally capable of performing a full range of light work, is supported by substantial evidence.

On the other hand, the only opinion by a state agency physician regarding Warren's physical

---

opinion] and all the other evidence in the case record about what an individual can do despite his or her impairment(s).").

[2]"Medical" refers to a medical doctor (M.D.) or a doctor of psychology (PhD).

[3]Dr. Hartwell concluded that Warren was mentally capable of functioning in the workplace. [The Record ("Tr.") 206-7].

impairments contains no analysis of her functional capacity in the workplace.[4] Only Warren's treating physician, Dr. Thompson, assessed the impact of Warren's physical impairments on her functional capacity in the workplace.[5] The ALJ explicitly discounted Dr. Thompson's opinion: "the undersigned has considered Dr. Thompson's opinion and given it little weight." [Tr. 23]. Therefore, the Court finds that the ALJ's conclusion, that Warren is physically capable of performing a full range of light work, is not supported by substantial evidence.

Accordingly, this matter is remanded to the ALJ with instructions to obtain a RFC assessment as to Warren's physical impairments from a medical source.

### c. Vocational Expert Testimony

Finally, the Magistrate Judge found that, because the ALJ improperly failed to give controlling weight to Dr. Thompson's opinion, his decision not to obtain vocational expert testimony is also not supported by substantial evidence. The Court agrees that the ALJ's conclusion is not supported by substantial evidence, but for an alternative reason: the ALJ's conclusion was based on a RFC assessment of Warren's physical impairments from a non-medical source.

The ALJ was required to obtain vocational expert testimony only if Warren's non-exertional

---

[4] Dr. Courtman concluded that Warren retained a full range of motion of her back and knee, there were no significant abnormalities in her knee, and no other significant evidence of physical disability. [Tr. 186-87].

A physical RFC opinion was completed by a non-medical disability specialist (Brenda Thomas). [Tr. 60-67]. There was no indication in the RFC opinion or the ALJ's decision that any state agency doctor reviewed or concurred in the lay opinion.

[5] Dr. Thompson concluded that Warren was unable to stand for more than fifteen minutes at a time, or sit for more than 60 minutes at a time; that she can lift ten pounds on an occasional basis, and five pounds on a frequent basis; that she can never bend; that she can frequently manipulate her right and left hands; that she needs to elevate her legs most of the time during an eight hour workday; and that her pain level is moderate. [Tr. 210].

impairments significantly affect her RFC for light work. *See Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). However, the ALJ's conclusion that Warren's RFC for light work is not significantly compromised was based on a flawed RFC assessment.

Therefore, this matter is remanded for additional administrative proceedings consistent with a re-evaluation of Warren's physical RFC.

### 2. SSDI Benefits

The Magistrate Judge recommends affirming the Commissioner's decision denying Warren's application for SSDI benefits. [Doc. No. 16, p. 7]. For the following reasons, the Court DECLINES TO ADOPT this recommendation, REVERSES the Commissioner's decision, and REMANDS this matter for further administrative proceedings.

#### a. Fact-finding

The Magistrate Judge recommends affirming the Commissioner's decision because Warren failed to prove her disability onset date occurred prior to the date she was last insured, March 30, 2000, which is an eligibility requirement for SSDI benefits.[6] The Court finds that the Magistrate Judge improperly engaged in fact-finding because she affirmed the ALJ's decision on a new and independent basis.

The ALJ's decision must be denied or affirmed based on the reasons set forth in his decision. *Newton*, 209 F.3d at 455 ("the ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council."); *see also Cole v. Barnhart*, 288 F.3d 149, 151

---

[6]"A claimant is eligible for [SSDI] benefits only if the onset of the qualifying medical impairment . . . began on or before the date the claimant was last insured." *Loza v. Apfel*, 219 F.3d 378, 394 (5th Cir. 2000); *see also* 20 C.F.R. § 404.320(b)(2). The Magistrate Judge found that Warren failed to establish she was disabled prior to or on March 30, 2000.

7

(5th Cir. 2002) ("It is well established that we may only affirm the Commissioner's decision on the grounds which he stated for doing so.").

The ALJ did not deny Warren SSDI benefits based on her disability onset date. Instead, the ALJ concluded that Warren is not disabled because she retains a RFC to perform a full range of light work. Accordingly, the proper basis on which to deny or affirm the ALJ's decision was the ALJ's conclusion that Warren is not disabled.

Therefore, the Court DECLINES TO ADOPT the Magistrate Judge's recommendation to affirm the Commissioner's decision. The determination of Warren's eligibility for SSDI benefits is remanded for additional administrative proceedings consistent with a re-evaluation of Warren's physical RFC.

### b. Onset Date of Disability

The Magistrate Judge concluded that Warren failed to establish that she was disabled prior to or on March 30, 2000. The Court DECLINES TO ADOPT this finding for the reasons previously stated.

Warren claims that the non-contemporaneous medical records and lay evidence she submitted, which allegedly establish that she was disabled prior to the first medical documentation of her disability, are relevant to the determination of the onset date of disability.

"In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred sometime prior to the date of the first recorded medical examination." Social Security Ruling ("SSR") 83-20, *found at* 1983 WL 31249 *3 (S.S.A. 1983). Additionally, a retrospective medical diagnosis can be corroborated by lay evidence relating back to the claimed periods of disability. *Id.; see also Loza*, 219 F.3d at 396. Therefore, on remand,

if after the re-evaluation of her RFC, the ALJ finds that Warren is disabled, then in determining the onset date of disability, he should consider Warren's evidence of onset consistent with SSR 83-20.[7]

## III. Conclusion

For the foregoing reasons, the Court DECLINES TO ADOPT the Magistrate Judge's Report and Recommendation [Doc. No. 16] regarding Warren's application for SSDI benefits. The Commissioner's decision regarding Warren's application for SSDI benefits is REVERSED AND REMANDED for further administrative proceedings.

The Court ADOPTS the Magistrate Judge's Supplemental Report and Recommendation [Doc. No. 19] regarding Warren's application for SSI benefits, as modified by this ruling. The Commissioner's decision regarding Warren's application for SSI benefits is REVERSED AND REMANDED for further administrative proceedings.

MONROE, LOUISIANA, this 17 day of November, 2006.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[7] The Court notes that SSR 83-20 contains explicit limitations regarding the probative value of non-contemporaneous medical records and lay evidence. *See* SSR 83-20, *found at* 1983 WL 31249 *3.

9